IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KUATEZ LEWIS,                          )
AIS #291535,                           )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )        CIVIL ACTION NO. 2:17-CV-33-MHT
                                       )
J. B. BOLTON, et al.,                  )
                                       )
        Defendant.                     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Kuatez Lewis

("Lewis"), an indigent state inmate, on January 4, 2017.[1]   In the instant complaint, Lewis

challenges the constitutionality of his arrest on February 8, 2013 by an officer of the Montgomery,

Alabama Police Department and the assistance provided by the attorney appointed to represent

him on the criminal charges arising from this arrest.  *Complaint - Doc. No. 1* at 3; *Affidavit in*

*Support of Complaint - Doc. No. 1-1* at 1.  Lewis names J. B. Bolton, the arresting officer, and

Wallace Mills, his appointed counsel, as defendants in this cause of action.  Lewis seeks monetary

damages for the alleged violations of his constitutional rights.

---

[1]The Clerk stamped the complaint "received" on January 13, 2017.  Lewis, however, executed the complaint on
January 4, 2017, *Doc. No. 1* at 4, and this is the earliest date he could have placed the complaint in the prison's mail
system.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston
v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v.
Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Thus, the court considers January 4, 2017 as the date of filing.

Upon thorough review of the complaint and the records of this court, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.  Illegal Arrest

Insofar as Lewis challenges the constitutionality of his arrest on February 8, 2013, the present complaint is substantially similar to the complaint previously filed by Lewis in *Lewis v. Montgomery Police Dept., et al.*, Civil Action 2:16-CV-653-MHT-TFM (M.D. Ala. 2016).  A federal court is empowered to dismiss a prisoner's *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical.  *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (*in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and summarily dismissed as either frivolous or malicious under § 1915); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that where action is duplicative of earlier action, district court properly dismissed case as frivolous); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (*in forma pauperis* complaint repeating same factual allegations asserted in earlier case is subject to dismissal as duplicative). "Dismissal of the duplicative lawsuit . . . promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

---

[2]This court granted Lewis leave to proceed *in forma pauperis* on January 17, 2017.  *Doc. No. 3.*  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In the prior cause of action, this court summarily dismissed the claims presented by Lewis attacking the validity of his February 8, 2013 arrest because "the two-year period of limitations applicable to [his] claims expired over a year prior to him filing the instant compliant[.]." *Lewis v. Montgomery Police Dept., et al.*, Civil Action 2:16-CV-653-MHT-TFM (M.D. Ala. 2016), Recommendation of the Magistrate Judge - Doc. No. 12 at 4, adopted as opinion of the court by order of November 28, 2016 (Doc. No. 17). The circumstances warranting dismissal of Lewis' claims challenging his February 8, 2013 arrest are unchanged as these claims remain barred by the two-year period of limitations. Consequently, the court finds that the claims presented by Lewis in the instant cause of action with respect to the constitutionality of his arrest are both malicious and frivolous. Dismissal of these claims prior to service of process is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *Cato*, 70 F.3d at 1105; *Bailey*, 846 F.2d at 1021.

### B. Ineffective Assistance of Counsel

Lewis complains that his court appointed attorney, Wallace Mills, violated his constitutional right to effective representation during criminal proceedings before the Circuit Court of Montgomery County. In accordance with established federal law, this allegation entitles Lewis to no relief from this court under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrong,'" *Blum*

3

*v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law provides that an attorney who represents an individual does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the conduct about which Lewis complains was not committed by a person acting under color of state law and Wallace Mills is not subject to suit under § 1983, the claims presented herein against this defendant lack an arguable basis in law and are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  Plaintiff's Convictions

To the extent Lewis presents claims which go to the fundamental legality of his current incarceration on convictions for attempted kidnapping, attempted rape and third degree robbery imposed upon him in 2013 by the Circuit Court of Montgomery County, he is likewise entitled to no relief on these claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement and seeking damages are not cognizable in a 42 U.S.C. § 1983 action "unless and

4

until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus[,]" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983.").  The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief.  *Balisok, supra*.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well-settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his convictions by a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction[s] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute[.]"); *Lewis v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge.").  The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"  *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005);

5

*see also Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996) (An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus."). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Lewis' use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his 2013 convictions. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, any claims presented herein which challenge the constitutionality of the convictions imposed upon Lewis in 2013 are not cognizable in this cause of action and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims presented by the plaintiff challenging the constitutionality of his arrest on February 8, 2013 be DISMISSED with prejudice as malicious and frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against Wallace Mills be dismissed with prejudice pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(i).

3.  Those claims which go to the fundamental legality of the convictions imposed upon Lewis in 2013 by the Circuit Court of Montgomery County, Alabama for attempted kidnapping, attempted rape and third degree robbery be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this 42 U.S.C. § 1983 action.

4.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before February 17, 2017 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of January, 2017.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

7